IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SONYA DENISE BRYANT #920-280
Petitioner                                          :

           v.                          : CIVIL ACTION NO. WMN-09-1321

WARDEN BRENDA SHELL and              :
THE ATTORNEY GENERAL OF THE
    STATE OF MARYLAND                    :
            Respondents

## MEMORANDUM

On December 14, 1993, Sonya Bryant was convicted by a jury in the Circuit Court for

Wicomico County of robbery with a dangerous or deadly weapon and related offenses.  She was

sentenced to fifteen years incarceration with all but six years suspended, on the robbery count

and given a six-year consecutive term of incarceration, all suspended, on another count.  The

validity of these convictions and sentences has survived  prior ederal habeas corpus review[1] and

is not at issue here. Instead, Bryant filed the above-captioned 28 U.S.C. § 2254 habeas corpus

Petition, dated May 18, 2009 and received for filing on May 20, 2009,[2] attacking revocation of

probation proceedings stemming from the earlier convictions for which she was sentenced in the

Circuit Court on June 11, 2004.  Respondents concede that revocation of probation proceedings

are reviewable under the habeas corpus statute,[3] but argue the instant case is subject to dismissal

as time-barred.  Paper No. 4.  Bryant contends the limitations provision is not jurisdictional, her

Petition requires review on the merits as it demonstrates clear legal error, and she did not

---

[1] See Bryant v. Carter, et al., Civil Action No. WMN-96-3885 (D. Md.), Memorandum and Order of May 12, 1997, appended to Paper No. 4 as Exhibit 2.

[2] The pro se Petition is deemed filed on the signature date.  See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D.Md. 1998)  (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison  mailbox" rule).

[3] State court probation revocation proceedings are reviewable under 28 U.S.C. § 2254 to ensure due process of law.  See Gagnon v. Scarpelli, 411 U.S. 778, 791 (1973).

complete full exhaustion of state court remedies until October 27, 2008, and thus filed this case within the one-year window.  Paper No. 6.  For the reasons that follow, Bryant is not entitled to an evidentiary hearing and the Petition must be denied and dismissed with prejudice as time-barred.

## Procedural History

On February 6, 2004, Bryant pled guilty to a violation of probation.  On June 11, 2004, she was sentenced to ten years imprisonment.  Paper No. 4, Exhibit 1.  Bryant did not seek to leave to appeal the revocation, which became final on Monday, July 12, 2004.[4]

On November 10, 2004, Bryant sought post-conviction relief in the Circuit Court for Wicomico County, challenging the revocation of probation.   On March 3, 2005, the post-conviction proceeding was resolved by consent, with Bryant granted the right to file a belated motion for modification or reduction of sentence.  *Id.*, Exhibit 1.  This judgment became final on April 4, 2005, upon expiration of the time for seeking leave to appeal.[5]

## Legal Analysis

On April 24, 2006, the Antiterrorism and Effective Death Penalty Act ("AEDPA") became law, substantially modifying the scope and context of federal habeas corpus review over challenges to state court convictions.  Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court.  *See* 28

---

[4] Maryland requires an application for leave to appeal be filed within thirty days of the date of judgment from which appeal is sought.  *See* Md. Rule 8-204.

[5] On April 11, 2007, Bryant sought to reopen post-conviction proceedings.  The request was denied on November 29, 2007.  Paper No. 4, Exhibits 1, 3 and 4.  She again sought to reopen post-conviction proceedings by motion on February 19, 2009, which was denied on May 12, 2009.  *Id.*, Exhibit 1.  These proceedings, however, are not germane to the issue of timeliness, as they do not constitute "properly filed" post-conviction proceedings which toll the limitations period set in 28 U.S.C. § 2244(d).  *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (federal limitations period tolled "as long as the ordinary state collateral review process is 'in continuance,' i.e., 'until completion of that process.'").

U.S.C. § 2244(d).[6]

Consequently, the limitations period for Bryant's federal habeas corpus challenge to the revocation of probation commenced on July 12, 2004.  The one-year limitations period was tolled between November 10, 2004 and April 4, 2005.  Prior to Bryant's filing the instant action on May 18, 2009, nearly 52 months elapsed during which properly-filed state post-conviction proceedings were not in place,

Petitioner's lack of understanding of the law does not serve to toll the statute of limitations.  *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004)**.**  Neither her arguments concerning the merit of her claims nor her statement concerning the validity of the limitations period provide a sufficient basis for this case to proceed.  Therefore, a separate Order shall be entered dismissing Bryant's Petition as time-barred.

---

[6]This section provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States was removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection..

/s/

9/3/09
(Date)

_____

William M. Nickerson
United States District Judge